IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY ROBINSON

v.

UNITED STATES OF AMERICA

Criminal No. WMN-02-0253
Civil Action No. WMN-15-1532

* * * * * * * * * * * * * * *

**MEMORANDUM**

Before the Court is a Petition for Writ of Error Coram Nobis Pursuant to 28 U.S.C. § 1651(a) filed by Petitioner Gary Robinson. ECF No. 133.[1] The Government has opposed the Petition, ECF No. 145, and Petitioner has replied. ECF No. 17 in Civil Action No. WMN-15-1532. For the reasons set forth below, the Court will deny the Petition.

Petitioner was convicted on November 5, 2002, of two counts of possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g). He was sentenced on March 7, 2003, to concurrent terms of 216 months imprisonment under the Armed Career Criminal Act (ACCA). Petitioner filed a timely appeal of his conviction and that conviction was affirmed on September 10, 2003. United States v. Robinson, 73 Fed. App'x 662 (4th Cir. 2003). Petitioner's petition to the Supreme Court for certiorari was denied on January 12, 2004. From November 2003

---

[1] Except where otherwise noted, the Court will cite to the ECF number in the criminal case, United States v. Robinson, WMN-02-0253.

through April 2004, Petitioner also filed a number of pro se post-conviction motions raising a variety of issues. See ECF Nos. 76, 77, 78, 83, 84, 88, 89, 92, 103. On January 11, 2005, Petitioner submitted a motion which he actually captioned as a motion pursuant to 28 U.S.C. § 2255, duplicating some of his previous arguments and raising some new arguments as well. Paper No. 105. Treating all these motions as a motion under § 2255, the Court denied them on September 13, 2005. ECF No. 111.

On July 25, 2014, Petitioner, through counsel, filed a consent motion to correct his sentence on the ground that he was improperly classified as an Armed Career Criminal because his conviction for Maryland second degree assault no longer qualified as a "violent felony" in light of Descamps v. United States, 133 S. Ct. 2276 (2013) and United States v. Royal, 731 F.3d 333, 340-42 (4th Cir. 2013). ECF No. 126. The Court granted the motion on that same date and reduced Petitioner's sentence on both counts to time served plus two weeks. ECF No. 127.

On August 28, 2014, Petitioner's counsel requested that the Court amend that judgment to reflect a specific sentence of 77 months for each count. ECF No. 130. Counsel explained that he had discovered that Petitioner was serving a federal sentence of 240 months on an unrelated federal conviction in the Western District of Virginia. Crim. No. 07-00014-JPJ-RSB-2. Amending

the judgment would allow Petitioner's sentence in the Virginia case to start running sooner, giving him credit for the years he served on the sentence on his § 922(g) convictions that went beyond the non-ACCA guideline range. The Court granted that motion on September 10, 2014. ECF No. 131.

In the instant Petition for a Writ of Error Coram Nobis, Petitioner raises, for the first time, the argument that that he was deprived of his Fifth and Sixth Amendment rights to confrontation and effective assistance of counsel because his trial counsel stipulated to certain elements of the charged offenses at trial — specifically, that he had previously been convicted of a crime punishable by more than one year; that the Colt, .45 caliber handgun and ammunition allegedly possessed by the petitioner met the statutory definitions of "firearm" and "ammunition"; and that the firearm and ammunition traveled in interstate commerce. The Government opposes the Petition both on its merit and on the ground that Petitioner's claims are procedural barred because he cannot demonstrate any valid reason why he did not raise these arguments years ago. The Court finds that Petitioner's claims are procedurally barred.[2]

---

[2] Were the Court to find that Petitioner's claims were not procedurally barred, it would find them lacking in any merit. The Government could have readily established the stipulated elements and it was sound trial strategy to attempt to reduce the focus on Petitioner's prior convictions, the weapon, and the ammunition.

The writ of error coram nobis is a remedy of last resort and is granted only where an error is "of the most fundamental character" and there exists no other available remedy. United States v. Mandel, 862 F.2d 1067, 1076 (4th Cir. 1988). The writ is narrowly limited to "'extraordinary' cases presenting circumstances compelling its use 'to achieve justice.'" United States v. Denedo, 556 U.S. 904, 911 (2009) (quoting United States v. Morgan, 346 U.S. 502, 511 (1954)). The burden placed on a petitioner who seeks a writ of coram nobis exceeds the burden placed on a petitioner who seeks collateral relief through a habeas petition. Hanan v. United States, 402 F. Supp. 2d 679, 684 (E.D. Va. 2005). This heavier burden is justified because where, as here, a petitioner has completed his sentence, the government is unlikely to allocate scarce prosecutorial resources to retry a defendant who will not be resentenced. Id. Indeed, the United States Supreme Court has stated that "'it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate.'" Carlisle v. United States, 517 U.S. 416, 429 (1996) (quoting United States v. Smith, 331 U.S. 469, 475 n.4 (1947)).

A petitioner seeking this relief must show that "'(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences

4

exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.'" United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012) (quoting Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987)). The Court finds that Petitioner has not shown any valid reason for not raising these same attacks on his conviction years ago.

Having been present throughout his trial, Petitioner was clearly aware of the stipulations about which he now complains. With his Petition, he submits a letter that he wrote to his counsel on November 7, 2002, just two days after the trial, complaining about stipulations submitted at trial that he never saw or signed. Despite that awareness, Petitioner waited over 12 years to present the issue to this Court.

While "there is no firm limitation of time within which a writ of coram nobis will lie, petitioners are required to demonstrate that "'sound reasons exist[] for failure to seek appropriate earlier relief.'" United States v. Rocky Mountain Corp., Inc., 442 F. App'x 875, 876 (4th Cir. 2011) (quoting Morgan, 346 U.S. at 512). Petitioner seems to suggest that, because he was unable to bring a petition for writ of coram nobis until he was no longer "in custody" on his conviction in this Court, his petition is timely because it was brought within one year of the reduction of his sentence to time served. See

5

ECF No. 17 in WMN-15-1532 at 2. It is true that "a writ of error coram nobis is available only when the petitioner is not in custody." United States v. Smith, 77 F. App'x 180 (4th Cir. 2003) (citing United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001)). Petitioner's claims relating to the stipulations, however, could have been brought along with the other issues Petitioner raised under 28 U.S.C. § 2255 and the writ of coram nobis cannot be used to circumvent the requirements of § 2255. Trenkler v. United States, 536 F.3d 85, 98 (1st Cir. 2008).

Petitioner posits that he could not assert his claims related to the stipulations until he "found the [United States v.] Williams, 632 F.3d 129 (4th Cir. 2011)] decision and needed time to research law and find the Coram Nobis vehicle following [the] July, 2014 [reduction in his sentence]. ECF No. 1 at 6. Williams did not create new law and certainly not new law that would assist Petitioner. In Williams, the defendant's counsel signed, with the court's permission, a stipulation over an on-the-record objection by the defendant. The Fourth Circuit held that the district court erred when accepting the stipulation, stating that "[w]e can find no reasoning or case law that would uphold a waiver of a Sixth Amendment right by defense counsel over a defendant's objection." 632 F.3d at 133 (emphasis added). The court opined that while it was "inclined to require that defendants make a clear waiver of their Sixth Amendment

6

right, [it] need not reach this question here since both counsel and the district court were aware that Williams objected to the introduction of the stipulation." Id. Even after finding a clear constitutional violation, the court noted that it also must consider whether the violation was harmless. It held that it was not harmless because, inter alia, the stipulation was the "only evidence of the amount of heroin" connected to the defendant and, from questions sent out by the jury and answers returned by the court, it was clear that the jury relied on the stipulation to determine that defendant possessed the heroin with the intent to distribute. Id. at 134.

Here, although Petitioner was present in the courtroom when the stipulations were read, he did not object to those stipulations. Furthermore, the stipulations were clearly harmless as there was a witness who was prepared to testify that the firearm and ammunition met the required statutory definitions and that they were manufactured out of state and therefore traveled in interstate commerce in order to arrive in Maryland. Evidence that Petitioner had been convicted of several crimes punishable by more than one year was also readily available. Thus, regardless of the stipulations, the result of the trial would have been the same. Finally, the Court notes that Petitioner waited more than four year after Williams was decided before submitting his Petition.

Because the Court concludes that Petitioner's claims presented in his Petition are procedurally barred, the Court will deny that Petition. A separate order will issue.

/s/
William M. Nickerson
Senior United States District Judge

DATED: September 18, 2017