IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GARY ROBINSON | * | |
|     Petitioner | * | |
|         v. | * | Criminal No. DKC-02-253 |
| | | (Civil Action DKC-18-3525) |
| UNITED STATES OF AMERICA | * | (Civil Action DKC-18-3819) |
|     Respondent | * | |

***

**MEMORANDUM OPINION**

In response to the above-captioned amended motion to vacate filed pursuant to 28 U.S.C. § 2555 (ECF No. 155), Respondent asserts that the claims raised are procedurally barred because they are untimely and were not raised on direct appeal; and are otherwise without merit. (ECF No. 161 at 2). Petitioner Gary Robinson has filed a reply (ECF No. 163).[1] The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons that follow, the motion to vacate will be denied and a certificate of appealability shall not issue.

BACKGROUND

Mr. Robinson was arrested by the Baltimore City Police on January 28, 2002. He was indicted May 23, 2002, and charged with being a felon in possession of a firearm and for possession of ammunition in violation of 18 U.S.C. § 922(g). (ECF No. 1). Following a jury trial, a guilty verdict was returned on both counts on November 5, 2002. Mr. Robinson was sentenced on March 7, 2003, to a term of imprisonment of 216 months on each count, to run concurrently. (ECF No. 64), *see also United States v. Robinson*, Civil Action WMN-05-133 (D. Md. 2005)

---

[1] Mr. Robinson filed a motion for extension of time (ECF No. 162) to file his reply. That motion will be granted *nunc pro tunc*.

(Memorandum Dkt[2] 111) (hereinafter "*Robinson I*"). This court summarized the evidence introduced at trial as follows:

> At about 6:15 on the night of January 28, 2002, Officer Paul Heffernan received a call over his radio from the police dispatcher. The dispatcher reported that an anonymous individual had made a 911 call concerning an armed individual near the intersection of West Coldspring Lane and Dolfield Avenue. Heffernan, who was only one block from that intersection, drove there immediately and observed an individual that matched the general description given by the 911 caller.
>
> Heffernan observed the individual briefly and testified that he saw the suspect make a motion toward his waist that to Heffernan suggested that the individual was carrying a gun. Heffernan turned his vehicle around, drove up behind the individual, exited his car, and commanded the suspect to put his hands in the air. The individual looked at Heffernan and then began to run.
>
> Heffernan pursued the suspect through a parking lot and onto Wabash Avenue. Heffernan testified that he saw the suspect remove what appeared to be a handgun from his waistband and, as Heffernan began to close in on him, throw the handgun on the ground. It bounced off of Heffernan's foot and fell into a storm drain. Heffernan called in the location of the gun by radio and continued the chase.
>
> After briefly losing track of the suspect as the suspect traveled through an area of heavy brush, Heffernan observed him climbing a chainlink fence and traveling toward Grantley Avenue on Tawanda Street. Shortly thereafter, Officer Earl Thompson saw a man who matched the description given by the 911 caller running slowly down Grantley Avenue toward Reisterstown Road. Thompson stopped and arrested the individual, Defendant Gary Robinson. Thompson searched Robinson and found in Robinson's front right pocket a loaded magazine containing five .45 caliber rounds. In the meantime, Officer Monica Wilkes recovered a fully loaded Colt, Government Model, .45 caliber, semi-automatic pistol from the storm drain.
>
> At trial, Heffernan identified Defendant Gary Robinson as the same individual that he had been chasing. Also at trial, a firearm enforcement specialist, Michael Cooney, testified that the magazine recovered from Defendant fit the firearm recovered from the storm drain. In addition, he testified that the ammunition recovered from the gun and from the magazine was manufactured by the same company and that all rounds bore the same trade mark.

*Id.* at pp. 2-4.

---

[2] Documents not available on the court's electronic docket are cited as "Dkt. __."

The United States Court of Appeals for the Fourth Circuit affirmed Mr. Robinson's convictions in an unpublished opinion dated September 10, 2003. *See United States v. Robinson*, 73 Fed. App'x. 662, 2003 WL 2209362 (4th Cir. 2003). Mr. Robinson's Petition for Writ of Certiorari was denied by the United States Supreme Court on January 12, 2004.

Mr. Robinson filed several motions seeking post-conviction relief following his appeal. *See* ECF Nos. 76-78, 83-84, 88-89, 92, 103 and 105. The last of the motions, filed on January 11, 2005, was entitled "Motion to Vacate" (Dkt. 105); this court consolidated all of the papers and treated them "as a single motion pursuant to § 2255." *Robinson I*, at Dkt 111, p. 2. The motion was denied by Memorandum and Order dated September 13, 2005. *Id*. at Dkt. 111 and 112. The Fourth Circuit denied a certificate of appealability in an unpublished opinion. *U.S. v. Robinson*, 180 Fed. App'x 433 (4th Cir. 2006).

On July 2, 2014, Mr. Robinson, through counsel, filed an Emergency Motion to correct sentence, arguing that he was entitled to relief because he was improperly classified as an Armed Career Criminal based on a prior Maryland conviction for second degree assault which no longer qualified as a violent felony under the reasoning in *Descamps v. United States*, 133 S. Ct. 2276 (2013) and *United States v. Royal*, 731 F.3d 333, 340-42 (4th Cir. 2013). (ECF No. 123.) A consent motion was granted on July 25, 2014, reducing Mr. Robinson's sentence from 216 months to time served plus two weeks incarceration on both counts. (ECF No. 127.) Because Mr. Robinson was obligated to serve another 262 months term of imprisonment on an unrelated conviction from the Western District of Virginia for assault with intent to murder, assault with a dangerous weapon, and assault causing serious injury, he was not released from incarceration. *See* ECF No. 161-5, *see also* ECF No. 148 at 2.

On September 10, 2014, Mr. Robinson's sentence was again amended by this court, reducing it to a term of 77 months. (ECF No. 131). This amendment had the effect of allowing Mr. Robinson's sentence from the Western District of Virginia to start running sooner and allowed for him to get the benefit of credit for time served. (*Id*.)

Mr. Robinson filed a "Motion for a Writ of Coram Nobis" on March 25, 2015, acknowledging his sentence had expired and asserting his Fifth and Sixth Amendment rights to confrontation and the effective assistance of counsel were violated "because [his] attorney stipulated to certain elements of the charged offenses against his wishes." *Robinson I* at ECF No 148. This court denied the motion on September 19, 2017, reasoning that the claims asserted were procedurally barred because Mr. Robinson could not demonstrate any valid reason for not raising the arguments earlier, instead waiting 12 years to present the issue. (ECF No. 148 at 3-5). Further, this court observed that Mr. Robinson's Sixth Amendment claim was without merit as he "was present in the courtroom when the stipulations were read, [but] did not object" and "the stipulations were clearly harmless as there was a witness who was prepared to testify that the firearm and ammunition met the required statutory definitions and that they were manufactured out of state and therefore traveled in interstate commerce in order to arrive in Maryland." *Id*. at 7.

In his current motion to vacate, originally filed on December 11, 2018 as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and later amended after this court construed the petition as a 2255 Motion to Vacate[3] (ECF No. 152), Mr. Robinson alleges that he was unlawfully convicted and sentenced on two counts for a single offense. (ECF No. 151, ECF No. 155.) He additionally argues that the conviction for one count of possession of a firearm and a second count

---

[3] *See In re Taylor*, 171 F.3d 185, 186 (4th Cir. 1999) (motion to vacate filed after resentencing is not second or successive).

4

for possession of ammunition caused an improper calculation of 77 to 96 months, rather than 70 to 87 months. (ECF No. 151 at 10.) Mr. Robinson relies on the Supreme Court's decision in *Rosales-Mireles v. United States*, 138 S.Ct. 1897 (2018), and asserts that he is entitled to be resentenced. *Rosales-Mireles* concerns the miscalculation of Sentencing Guidelines and the doctrine of plain error review on direct appeal. The court set out to clarify the holding of *United States v. Olano*, 507 U.S. 725 (1993) and explained:

> Federal Rule of Criminal Procedure 52(b) provides that "[a] plain error that affects substantial rights may be considered even though it was not brought to the [district] court's attention." In *United States v. Olano*, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), the Court established three conditions that must be met before a court may consider exercising its discretion to correct the error. "First, there must be an error that has not been intentionally relinquished or abandoned. Second, the error must be plain—that is to say, clear or obvious. Third, the error must have affected the defendant's substantial rights." *Molina–Martinez* [*v. United States*], 578 U.S., at ——, 136 S.Ct. [1338] at 1343 [(2016)](citations omitted). To satisfy this third condition, the defendant ordinarily must "'show a reasonable probability that, but for the error,' the outcome of the proceeding would have been different." *Ibid.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)). Once those three conditions have been met, "the court of appeals should exercise its discretion to correct the forfeited error if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Molina–Martinez*, 578 U.S., at ——, 136 S.Ct., at 1343 (internal quotation marks omitted). It is this last consideration, often called *Olano*'s fourth prong, that we are asked to clarify and apply in this case.

*Rosales-Mireles*, 138 S.Ct. at 1904-5. The petitioner in *Rosales-Mireles* was sentenced after the Probation Office erroneously counted an assault conviction twice, thus inflating his criminal history category. *Id*. at 1905. As a result of the error, the Guideline range was thought to be 77 – 96 months; rather than 70 – 87 months which would have been the range but for the error made in the criminal history score. *Id*. Rosales-Mireles was sentenced to serve a term of 78 months after the court denied his request for a downward departure. He did not call the error in his criminal history to the court's attention, but argued on appeal that the criminal history score was incorrect

5

and resulted in application of the incorrect Guidelines range. *Id*. Although the United States Court of Appeals for the Fifth Circuit found that Rosales-Mireles had met the requirements articulated in *Olano*, it declined to exercise its discretion to vacate and remand for resentencing, reasoning that: "'the types of errors that warrant reversal are ones that would shock the conscience of the common man, serve as a powerful indictment against our system of justice, or seriously call into question the competence or integrity of the district judge.'" *Id*., quoting *United States v. Rosales-Mireles*, 850 F.3d 246, 249 (5th Cir. 2017).

The Supreme Court held that the "shocks the conscience" standard applied by the Fifth Circuit was unduly restrictive and "not reflected in Rule 52(b) itself, nor in how this Court has applied the plain-error doctrine." *Id*. at 1906. "The risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings in the context of a plain Guidelines error because of the role the district court plays in calculating the range and the relative ease of correcting the error." *Id*. at 1908. Where, as in *Rosales-Mireles*, "there is a reasonable probability that, without correction of the Guidelines error, [a criminal defendant] will spend more time in prison than the District Court otherwise would have considered necessary" resentencing is warranted. *Id*. at 1909.

## DISCUSSION

Respondent asserts that Mr. Robinson's motion to vacate is time-barred. (ECF No. 161 at 8-10.) Mr. Robinson appears to concede that his motion is untimely and asserts entitlement to equitable tolling. (ECF No. 155 at 5.) Under the provisions of 28 U.S.C. § 2255, the limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the

> United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). To be entitled to equitable tolling, Mr. Robinson must establish either that some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. *See Harris*, 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. The Fourth Circuit has made it clear that, prior to dismissing a pro se petition for writ of habeas corpus, "a district court should furnish notice that simply warns the pro se petitioner that his . . . action will be dismissed as untimely unless the petitioner can demonstrate that the petition was filed within the proper time period." *Hill*, 277 F. 3d at 708.

Respondent reasons that Mr. Robinson's second amended judgment was entered on September 10, 2014, and, because he did not appeal the judgment, his conviction became final on September 24, 2014, the date the time for seeking an appeal lapsed. (ECF No. 161 at 9, citing *United States v. Wilson*, 256 F.3d 217, 221 (4th Cir. 2001) and Fed. R. App. P. 4(b)(1)(A)). The

7

limitation period for filing a § 2255 motion expired on September 24, 2015. Mr. Robinson's motion was filed on December 11, 2018, well beyond the limitations period.

Mr. Robinson asserts that the limitations period for his motion to vacate should be equitably tolled because he filed a coram nobis petition (ECF No. 133), which was denied by this court on September 18, 2017. (ECF No. 155 at 5.) He states that his attempts to appeal the decision to the Fourth Circuit and to the Supreme Court ended on October 1, 2018. (*Id.*, *see also Robinson v. United States*, Civil Action WMN-15-1532 (D. Md.)). Mr. Robinson also states that this court did not give him "notice or opportunity to let him know that after the judgment in the prior § 2241 criminal case was 'amended' September 10, 2014, [this court] should have gave Robinson Notice or an Opportunity to 'construe or amend' his coram nobis petition into a § 2255, which . . . was filed on or about March 15, 2015 . . . [and] would've been timely filed as a § 2255 motion." (*Id.*)

His argument, however, fails to explain how this alleged lack of "notice or opportunity" has operated as an impediment to the filing of the instant motion to vacate. Further, the facts underlying Mr. Robinson's claims were known to him as early as 2002 and 2003, yet he failed to raise them in his direct appeal or in the multiple post-conviction motions filed with this court. Mr. Robinson's reliance on his timely coram nobis petition would, if applicable, entitle him to equitable tolling as to the claims raised in that petition: that defense counsel improperly entered into certain stipulations as to the elements of his offense.[4] Nowhere in the coram nobis petition

---

[4] To the extent that Mr. Robinson again raises the claim that he was denied his Fifth and Sixth Amendment rights when his attorney entered into stipulations, the analysis made on these claims in the court's September 19, 2017, Memorandum decision which was unsuccessfully appealed, still pertains to those claims. *See* ECF No. 148 at 7 (observing that Mr. Robinson did not object to the stipulations when they were read aloud in the courtroom at trial; that the stipulations were "clearly harmless" in light of the fact a witness was prepared to testify to the facts so stipulated; and Mr. Robinson's past criminal history was readily available, making the stipulation as to that history also harmless).

8

did Mr. Robinson assert that he was improperly indicted for two offenses for the same underlying misconduct. The pending motion to vacate is therefore untimely and there is no discernible basis for equitable tolling of the limitations period. Having concluded that the motion is untimely, the merits of Mr. Robinson's claims are not reached as this court is without jurisdiction to do so.

Unless a Certificate of Appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 137 S. Ct. 759, 773 (February 22, 2017). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274. 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The standard for a COA has not been met in this case. Mr. Robinson may still, however, request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate Order follows.

March 10, 2020 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge